UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| reFX AUDIO SOFTWARE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 4:13-CV-00409 (CEJ) |
| DOES 1-97, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to compel non-party SBC Internet Services LLC d/b/a AT&T Internet Services (AT&T) to comply with a subpoena. AT&T has filed a response in opposition and the issues are fully briefed.

**I.    Background**

Plaintiff is a company that produces, markets, and sells audio mixing software. On March 5, 2013, plaintiff initiated this action against Does 1-97 alleging copyright infringement and contributory copyright infringement pursuant to the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et. seq.* Plaintiff identifies the Doe defendants by their unique Internet Protocol (IP) addresses, which were assigned to them by their Internet Service Providers (ISPs).

Plaintiff alleges that each of the 97 Doe defendants unlawfully downloaded and shared plaintiff's copyrighted audio software product, Nexus 2.2.0. Plaintiff states that the infringing acts were performed through BitTorrent, which is an interactive "peer-to-peer" file transfer technology protocol that facilitates the distribution of large amounts of data by breaking down the content into smaller files. BitTorrent works by allowing users to join a "swarm" of host computers where users are able to download and upload from each other simultaneously.

On March 5, 2013, Plaintiff filed an *ex parte* motion for leave to serve limited discovery upon non-party ISPs in order to determine the true identity of the 97 Doe defendants. On March 18, 2013, the Court granted the motion and plaintiff served AT&T with a subpoena directing that it produce the identities, addresses, and media access control numbers of approximately 50 of the 97 Doe defendants. AT&T submitted timely objections to plaintiff's subpoena. On May 28, 2013, plaintiff filed the instant motion to compel compliance with the subpoena.

II.   Discussion

"As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed.R.Civ.P. 34(c). In a typical case where a non-party objects to a subpoena, the factors in Rule 45 are considered in order to determine whether the subpoena should be quashed or modified. See Fed.R.Civ.P. 45(c)(3)(A).  However, in the instant case, AT&T argues that this Court should not have initially granted plaintiff's *ex parte* motion for expedited discovery against non-party ISPs.  AT&T contends that because plaintiff improperly joined the 97 Doe defendants, the Court should reconsider its March 18, 2013 Order.

Although the Court tends to disfavor motions for reconsideration or similar requests, the *ex parte* nature of plaintiff's motion for expedited discovery justifies AT&T's request for reconsideration. Being that AT&T is not a party to this action, it did not have notice of plaintiff's motion and had no opportunity to respond. Furthermore, the issues surrounding BitTorrent-type joinders warrant a more comprehensive discussion. In fact, district courts throughout the country are considering *sua sponte* the issue of whether Doe defendants are properly joined in this type of litigation. See Kill Joe Nevada, LLC v. Does 1-81, 2013 WL 2355545, *1 (N.D. Ga. 2013) (The court

-2-

initially granted plaintiff's motion for expedited discovery, but later vacated the order upon further review of the joinder issue.); reFX Audio Software, Inc., v. Does 1-82, 2013 U.S. Dist. LEXIS 18133, *1 (D. Colo. Feb 11, 2013) ("[T]he Court *sua sponte* finds that joinder of all the named Defendants was not proper and dismisses the claims against John Doe Defendants 2-82 without prejudice to refiling separate cases against each Defendant."); Safety Point Products, LLC, et al., v. Does 1-14, et al., 2013 WL 1367078, *1 (N.D. Ohio Apr. 4, 2013) ("[T]his Court finds *sua sponte* that Plaintiffs improperly joined Defendants and thus severs the claims[.]"). "[I]t is not only appropriate, but prudent to address the issue of joinder before litigation of this type is permitted to proceed further." Malibu Media, LLC v. Reynolds, 2013 WL 870618, *12 (N.D. Ill. Mar. 7, 2013).

Pursuant to Rule 20 of the Federal Rules of Civil Procedure, defendants may be properly joined if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). "The District Court has wide discretion when deciding whether joinder of parties is proper." Malibu Media, LLC v. Does 1-14, 2013 WL 2285950, *6 (N.D. Ind. 2013). When considering whether a plaintiff properly joined the defendants, courts should also take into account principles of fundamental fairness or possible prejudice to either party. Chavez v. Ill. State Police, 251 F.3d 612, 632 (7th Cir. 2001). The remedy for improper joinder of parties is not dismissal of the action. See Fed.R.Civ.P. 21. Instead, the court may "at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *Id.*

The instant case is part of an "outbreak of similar litigation . . . around the country in which copyright holders have attempted to assert claims against multiple unknown defendants by joining them, in often large numbers, into a single action." Kill Joe Nevada, LLC, 2013 WL 2355545, at *1. This practice has become known as "swarm joinder." The typical plaintiff in this type of litigation claims that the unnamed defendants participated in a BitTorrent swarm which generated mass copyright infringement. The plaintiff then argues that the defendants "acted in concert since, by the nature of the BitTorrent software, a user simultaneously uploads and downloads the same copy" of the copyrighted material. See id. at 2. The plaintiff reasons that because the users acted in concert, joinder is appropriate.

"District courts are split over whether defendants may be joined in a single action based on their participation in a BitTorrent Swarm." Kill Joe Nevada, LLC v. Does 1-81, 2013 WL 2355545, *6; see Malibu Media, LLC v. Does 1-21, 2013 WL 2458290, *6 (N.D. Ind. May 22, 2013) (finding joinder appropriate); Digital Sins, Inc. v. John Does 1-245, 2012 WL 1744838, *2 (S.D.N.Y. May 15, 2012) (finding joinder inappropriate). This issue is so divided that judges within the same district have even issued contrary opinions; however, "the number of courts holding that swarm joinder is not appropriate is growing." See Voltage Pictures, LLC v. Does 1-198, 2013 WL 1900597, *2 (D. Or. May 4, 2013).

Courts in opposition of swarm joinder often find that the unnamed defendants were misjoined because they were not involved in the same transaction, occurrence, or series of transactions or occurrences as required by Fed.R.Civ.P. 20(a). There are other courts that oppose swarm joinder because of a serious concern for the "proliferation of the use of the courts' subpoena powers to troll for quick and easy

settlements." Voltage Pictures, LLC, 2013 WL 1900597 at *1 (Explaining that these suits are brought as a cost-saving tactic for retrieving the identities of the alleged infringers with no intent to litigate).

After reviewing the competing case law regarding this sharply divided issue, this Court has difficulty finding that joinder is appropriate when based on a technology which initiates the simultaneous uploading and downloading of a file automatically once a user joins a "swarm." Joinder in the instant case seems even more inappropriate where the alleged acts of infringement occurred over a five-month period. See Doc. #1-1; see also Patrick Collins, Inc. v. John Does 1-30, 2013 WL 1157840, *4 (E.D.Pa. Mar. 21, 2013). ("[I]t would seem that acts of downloading occurring over a five-week period are part of the same series of transactions in only an attenuated sense."); Malibu Media, LLC v. Does 1-21, 2013 WL 2458290, *7 ("[P]articipation in a swarm at some point over the course of over six weeks [is] not sufficient to establish they acted in concert."). Notably, even courts that find swarm joinder appropriate have expressed "skepticism that such a claim holds water where Plaintiff has failed even to plead an agreement among the defendants." Pacific Century International v. Does 1-31, 2012 WL 2129003, *1 (N.D. Ill. June 12, 2012).

However, despite this Court's inclination to reject the practice of swarm joinder, "[t]he fact that multiple courts, in well-reasoned opinions, have arrived at opposing conclusions suggests that there is no clearly correct answer to this question." Third Degree Films, Inc. v. John Does 1-72, 2013 WL 1164024, *5 (E.D. Mich. Mar. 18, 2013). Accordingly, the Court will decline to weigh-in on this issue because even assuming that swarm joinder is appropriate under Fed.R.Civ.P. 20, joinder in this particular case is not warranted for other significant reasons. See Patrick Collins, Inc.

v. Does 1-38, 2013 WL 1175245 (D. Mass. Mar. 19, 2013) (Found that plaintiff satisfied the requirements for permissive joinder, but severed the defendants based on concerns for justice and judicial economy).

The inclusion of 97 defendants does not promote the interests of fairness or judicial economy and joinder should not be permitted on this basis. "[A]t this stage of the litigation, the limited commonality between Defendants' alleged conduct indicates that individual facts and defenses as to each Defendant will predominate and joinder would likely confuse and complicate the issues." Patrick Collins, Inc. v. John Does 1-34, 2013 WL 1660673, *4 (S.D. Cal. Apr. 16, 2013). "It is evident that the crux of the cases, should they proceed to trial, will be the individual factual claims of each defendant." Third Degree Films v. Does 1-47, 286 F.R.D. 188, 196 (D. Mass Oct. 2, 2012). Each defense would require independent discovery and adjudication, turning this case into a procedural nightmare. See In re BitTorrent Copyright Infringement Cases, 2013 WL 501443, *6 (C.D. Ill. Feb. 11, 2013) (Allowing joinder in this type of case would turn "what appears to be a relatively straightforward case . . . into a cumbersome procedural albatross.").

To support the seriousness of this concern, the Court has already received five motions from individual Doe defendants asserting different defenses. Defendant Doe Number 16 argues privilege, improper jurisdiction, and misjoinder; defendant Doe Number 24 asserts that he was using an unsecure wireless network; defendant Doe Number 32 states that he was not personally responsible; defendant Doe Number 61 argues that he is an innocent account holder for a multi-unit property unit; and defendant Doe Number 72 raises improper joinder. [Doc. ## 9, 13-16]. As this case progresses, the inclusion of 97 defendants would only lead to an increased burden on

the Court in order to address each unique defense involving different evidence and testimony. *Id.*; Malibu Media, LLC v. John Does 1-6, 2013 WL 2150679, *15 (N.D. Ill. May 17, 2013) (found swarm joinder appropriate, but took note of the manageability of the mere 6 defendants); Kill Joe Nevada, LLC, 2013 WL 2355545, *1 (Vacated order granting leave for limited discovery because it was granted "[b]efore appreciating the manageability problems posed by the type of joinder plaintiff asserts.").

The Court also finds that the 97 defendants, whose only relation to each other is the use of BitTorrent technology, will be greatly prejudiced if swarm joinder is permitted. See On the Cheap, LLC v. Does 1-5011, 280 F.R.D. 500, 503 (N.D. Cal. Sept. 6, 2011). "Each defendant must serve each other with all pleadings — a significant burden when . . . many of the defendants will be appearing pro se and may not be e-filers." Hard Drive Prods., Inc. v. Does 1-188, 909 F.Supp.2d 1150, 1164 (N.D. Cal. 2011); see also reFX Audio Software, Inc., 2013 U.S. Dist. LEXIS 18133, *11; Kill Joe Nevada, LLC, 2013 WL 2355545, at *4. Furthermore, each defendant would have the right to be at all depositions and attend any and all case management conferences or courtroom proceedings. Hard Drive Prods., Inc., 909 F.Supp.2d at 1164. Thus, the Court finds that the defendants here would suffer significant prejudice if forced to litigate this action as a group.

The prejudice to the plaintiff will be less burdensome. Although the plaintiff would have to bring suit against each individual defendant and pay a filing fee for each action, "the serious procedural, case management, and fairness concerns that arise in actions such as this outweigh any convenience and cost-savings on Plaintiff's part." Third Degree Films, Inc. v. John Does 1-72, 2013 WL 1164024, *8 (E.D. Mich Mar. 18, 2013). Furthermore, "payment of a separate filing fee for its claim against each

Defendant properly balances the Plaintiff's right to protect its copyright with the Court's interest in cost-efficient adjudication of cases." Id.

Lastly, the Court shares the realistic concern expressed by numerous other courts that permitting swarm joinder increases the potential for coercive settlements and fosters abuse of the Court's subpoena power.  In the instant case, six defendant Does  "have been voluntarily dismissed, presumably because they have paid some amount to settle the claim[.]" In re BitTorrent Copyright Infringement Cases, 2013 WL 501443, at *6. Notably, plaintiff has also filed four other seemingly identical suits against 272 defendant Does in the Eastern District of Missouri, in which approximately 55 defendant Does have already been voluntarily dismissed. This further supports the realistic risk of coercive settlements. See reFX Audio Software Inc. v. Does 1-80, Case No. 4:12-CV-2093-HEA (filed Nov. 8, 2012); reFX Audio Software Inc. v. Does 1-100, Case No. 4:12-CV-2095-RWS (filed Nov. 8, 2012); reFX Audio Software Inc. v. Does 1-53, Case No. 4:13-CV-408-CDP (filed Mar. 5, 2013); reFX Audio Software Inc. v. Does 1-39, Case No. 4:13-CV-895-RWS (filed Mar. 10, 2013).

Therefore, the Court finds permissive joinder to be inappropriate in the instant case due to serious concerns for fundamental fairness and judicial economy. Accordingly, all the Doe defendants remaining in the case, with the exception of Doe Number 1, shall be severed and dismissed from the litigation without prejudice.

\* \* \*

For the reasons stated above,

**IT IS HEREBY ORDERED** that the March 18, 2013 order [Doc. #8] is **vacated**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel compliance with subpoena [Doc. # 10] is **denied**.


**IT IS FURTHER ORDERED** that defendant Does 2-97 are **severed** from this action and the claims against them are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the motions to quash filed by defendant Does Number 16, 24, 32, 61, 72 [Doc. ## 9, 13-16] are **moot**.

```
                                        _____
                                        CAROL E. JACKSON
                                        UNITED STATES DISTRICT JUDGE
```

Dated this 16th day of July, 2013.